# Order

Michigan Supreme Court
Lansing, Michigan

November 6, 2020

Bridget M. McCormack,
Chief Justice

David F. Viviano,
Chief Justice Pro Tem

Stephen J. Markman
Brian K. Zahra
Richard H. Bernstein
Elizabeth T. Clement
Megan K. Cavanagh,
Justices

160129 & (84)(90)(91)(92)

PEOPLE OF THE STATE OF MICHIGAN,
       Plaintiff-Appellee,

v

DARRELL ALLEN HOOKER,
       Defendant-Appellant.

SC: 160129
COA: 340271
Antrim CC: 17-004849-FC

_____/

On order of the Court, the application for leave to appeal the July 9, 2019 judgment of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court. The motions to remand, for appointment of counsel, for discovery and expert witness, and to expand record are DENIED.

CAVANAGH, J. (*dissenting*).

I respectfully dissent from the Court's decision to deny leave in this case. The Court of Appeals essentially affirmed defendant's conviction on the basis of defendant's failure to establish facts that a defendant would normally establish at an evidentiary hearing pursuant to *People v Ginther*, 390 Mich 436 (1973). However, the Court of Appeals also denied defendant the opportunity to establish those facts by denying his motion to remand for a *Ginther* hearing. I would grant defendant's motion to remand.

A jury convicted defendant of first-degree and second-degree criminal sexual conduct for sexually assaulting his daughter. There was no physical evidence or other corroboration of the complainant's allegations, making this case a "true credibility contest." *People v Thorpe*, 504 Mich 230, 260 (2019). Along with his brief on appeal, defendant filed a motion to remand to the circuit court, arguing that trial counsel provided ineffective assistance by failing to secure an expert on the forensic interviewing protocol.

In Michigan, when interviewing a child to obtain evidence of abuse or neglect, investigators must adhere to a forensic interviewing protocol. MCL 722.628(6). The goal of a forensic interview is "to obtain a statement from a child—in a developmentally-sensitive, unbiased, and truth-seeking manner—that will support accurate and fair decision-making in the criminal justice and child welfare systems." State of Michigan, Governor's Task Force on Child Abuse and Neglect and Department of Health and Human Services, *Forensic Interviewing Protocol* (4th ed), p 1. Forensic interviewing protocols are designed in part to reduce the impact of the suggestibility of children, who

can be prone to the development of false memories. See *People v Carver*, unpublished per curiam opinion of the Court of Appeals, issued August 29, 2017 (Docket No. 328157), pp 2-3. In this case, investigators admitted that they failed to follow the protocol in several instances. Defendant argued in his motion to remand that trial counsel was ineffective for failing to obtain an expert to explain the importance of the deviations, leaving counsel himself "laboriously going over the instruction manual in an attempt to explain to the jury the importance of the protocols."

However, the Court of Appeals denied the motion to remand. Then, in affirming defendant's conviction, the Court of Appeals quoted one of the interviewers as stating that a particular departure from the protocol "did not affect the 'core idea' behind the protocol" and noted that the interviewer "did not believe that there was an adverse effect" of the numerous other violations. *People v Hooker*, unpublished per curiam opinion of the Court of Appeals, issued July 9, 2019 (Docket No. 340271), pp 3-4. The Court of Appeals observed, "Defendant has presented no evidence that an expert would have contradicted the interviewers' conclusions or that the manner in which they employed the protocol encouraged the complainant to manufacture allegations against defendant." *Id*. at 4. It is unsurprising that defendant has not presented this evidence, since the manner in which a defendant might present this evidence is a *Ginther* hearing, and the Court of Appeals denied defendant this chance. In fact, defendant specifically asked to be able to do *just this*, explaining in his brief that

> an expert could have countered the testimony of [the interviewers] as to their reasons for breaking the protocol. Instead of hearing how these reasons prejudiced [defendant's] case, the jury was left to believe that these breaks in the protocol were reasonable.

The Court of Appeals observed, "It is defendant's burden to make a testimonial record of evidence supporting his claim, but defendant has not done so." *Hooker*, unpub op at 4 (citation omitted). That is true, but the Court of Appeals denied defendant any opportunity to make that testimonial record.

The Court of Appeals also noted that at times, cross-examination of an expert may be sufficient to attack the credibility of opposing witnesses. *Id*. That may be so, but a criminal defendant cannot be required to rely on *the adverse conclusions* of the prosecution's experts in place of a defense expert who might draw a different conclusion.

Lastly, the Court of Appeals relied on the presumption that trial counsel's actions were the product of sound trial strategy and said that it would not "second-guess that strategy with the benefit of hindsight." *Id*. It is true that a defendant arguing ineffective strategy with the benefit of hindsight." *Id*. It is true that a defendant arguing ineffective assistance of counsel bears the burden to rebut this presumption. *Strickland v Washington*, 466 US 668, 689 (1984). But again, having denied defendant's motion for a

*Ginther* hearing, there was no way of knowing why trial counsel failed to obtain an expert. One of the core functions of a *Ginther* hearing is to take testimony from trial counsel on exactly this point. Without the opportunity to hold a *Ginther* hearing, it is not clear how a defendant could be expected to carry this burden.

The Court of Appeals denied defendant a *Ginther* hearing, then affirmed his conviction on the ground that he failed to make the record that he asked to make at the hearing he was denied. Rather than allowing the Court of Appeals to employ this Catch-22, I would remand for the hearing defendant requested.



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

November 6, 2020



Clerk

t1103